FILED
2010 Mar-22  AM 11:32
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| AMERICAN GENERAL FINANCIAL SERVICES OF ALABAMA, INC.; WILMINGTON FINANCE, INC., | )<br>)<br>)<br>) |
| Plaintiffs, | )<br>) |
| vs. | ) CASE NO. 2:09-cv-0807-SLB<br>) |
| REGINA GRATTON WITHERSPOON, | )<br>) |
| Defendant. | ) |

**MEMORANDUM OPINION**

This case is presently pending before the court on defendant's Motion to Dismiss Pursuant to Rule 12(b)(1) for Lack of Subject Matter Jurisdiction, (doc. 6), and plaintiffs' Motion for Summary Judgment, (doc. 11). Plaintiffs, American General Financial Services of Alabama, Inc., and Wilmington Finance, Inc., filed this case seeking to compel defendant, Regina Gratton Witherspoon, to arbitrate her claims against plaintiffs. Defendant has filed a third-party complaint against defendants in state court, in which she alleges a number of causes of action arising from the lending relationship between the parties. Upon consideration of the record, the submissions of the parties, the arguments of counsel, and the relevant law, the court is of the opinion that defendant's Motion to Dismiss, (doc. 6) is due to be denied and plaintiffs' Motion for Summary Judgment, (doc. 11), is due to be granted.

# I. MOTION TO DISMISS

## A. STANDARD FOR DETERMINING A MOTION TO DISMISS FOR LACK OF SUBJECT-MATTER JURISDICTION – FED. R. CIV. P. 12(b)(1).

Under Fed. R. Civ. P. 12(b)(1), a party may move the court to dismiss a case if the court lacks jurisdiction over the subject matter of the case. Plaintiff, as the party invoking jurisdiction, bears the burden of establishing the court's subject matter jurisdiction. *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir.1994).

Attacks on subject matter jurisdiction under Rule 12(b)(1) occur in two forms: facial attacks and factual attacks. *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990); *Eaton v. Dorchester Dev., Inc.*, 692 F.2d 727, 731 (11th Cir. 1982). "'Facial attacks' on the complaint require the court merely to look and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true." *McMaster v. United States*, 177 F.3d 936, 940 (11th Cir. 1999)(quoting *Lawrence*, 919 F.2d at 1528-29). Therefore, "when faced with a 12(b)(1) challenge to the face of a complaint, the plaintiff can survive the motion by showing any arguable basis in law for the claim made." *Musson Theatrical, Inc. v. Federal Express Corp.*, 89 F.3d 1244, 1248 (6th Cir. 1996). "Factual attacks, on the other hand, challenge 'the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered.'" *Cook Oil Co., Inc. v. United States*, 919 F. Supp. 1556, 1559 (M.D. Ala. 1996)(quoting *Lawrence*, 919 F.2d at 1529).

Defendant's challenge to the court's subject-matter jurisdiction in a facial challenge.

**B. STATEMENT OF FACTS**

The Petition for Order Compelling Arbitration states:

    2. This petition is necessary because [Witherspoon] has violated her agreement to arbitrate by filing a third party complaint against [American General and Wilmington] in an action styled *Sutton Funding, LLC v. Regina Gratton Witherspoon*, [i]n the Circuit Court of Jefferson County, Alabama, Civil Action No.: CV-2008-901477 (hereinafter reffered to as the "Underlying Action"). In the Underlying Action, [Witherspoon] contends in her third party complaint, *inter alia*, that [American General and Wilmington] violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, in connection with their loans to her, and that [American General and Wilmington] acted negligently, wantonly, and engaged in a civil conspiracy of predatory lending. . . .

    3. This Court has federal question jurisdiction over this petition pursuant to 28 U.S.C. § 1331, and diversity jurisdiction pursuant to 28 U.S.C. [§] 1332. . . .

    . . .

    4. [American General] is a corporation organized and existing under the laws of the State of Delaware with its principal place of business in Evansville, Indiana. [American General] is a subsidiary of American General Finance, Inc., an Indiana corporation . . . .

    5. [Wilmington] is a corporation organized and existing under the laws of the State of Delaware with its principal place of business in Plymouth Meeting, Pennsylvania. [Wilmington is also a subsidiary of [American General Finance, Inc.] and is therefore an affiliated corproation of [American General].

    6. [Witherspoon] is a resident citizen of the State of Alabama.

    7. [Witherspoon] asserts in the Underlying Action a claim against [American General and Wilmington] under the Fair Debt Collection Practices Act . . ., which gives this Court federal question jurisdiction over this matter pursuant to 28 U.S.C. § 1331. . . .

3

>    8.  The Court also has jurisdiction over this matter because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.
>
>    9.  . . . [Witherspoon] seeks unlimited compensatory and punitive damages from [American General and Wilmington] in the Underlying Action. [Witherspoon's] loan transaction with [Wilmington] involved a loan amount of $232,900.  [Witherspoon's] loan transaction with [American General] involved a credit line of $20,000.  Accordingly, the amount in controversy for [Witherspoon's] claims, including her claim of civil conspiracy, exceeds $75,000, exclusive of interest and costs, and the amount in controversy requirement is satisfied. . . .
>
>    . . .
>
>    11.  On or about November 14, 2003, [Witherspoon] obtained a home equity line of credit from [American General].  At the time [Witherspoon] obtained the home equity line of credit, [she] executed a Home Equity Line of Credit Agreement . . ., which includes a provision entitled "Arbitration Agreement and Waiver of Jury Trial" ("Arbitration Agreement").  . . .
>
>    12.  On or about May 2, 2006, [Witherspoon] obtained a loan from [Wilmington].  At the time [Witherspoon] obtained the above-referenced loan, [she] executed an Adjustable Rate Note with [Wilmington] . . . .  The Arbitration Agreement covers claims against any affiliate of [American General], which includes [Wilmington]. . . .

(Doc. 1.)

On April 7, 2008, Sutton Funding, L.L.C., bought Witherspoon's home at 3132 Naves Drive in Birmingham, Alabama.  On May 9, 2008, it filed an action in the Circuit Court of Jefferson County, seeking to oust Witherspoon from the house and to recover damages for wrongful retention.  (Doc. 1, Ex. A.)  Sutton Funding had been assigned the mortgage of Mortgage Electronic Registration Systems, Inc., as nominee for Resmae Mortgage Corporation, which plaintiff had executed on September 18, 2006.  (*See id.*, Ex. A at 3.)

4

Sutton Funding bid the amount due on the mortgage, $250,141.08, and was awarded the property as the highest bidder at the foreclosure sale. (*Id*. at 4.)

On December 23, 2008, Witherspoon filed "Defendants' [sic] Amended Answer, Counterclaim and Third Party Complaint." (Doc. 1, Ex. B.) In her Amended Answer, Witherspoon argues that the foreclosure was void. (*Id*. ¶ 1.) She also alleged:

> 7. American General Financial Services of Alabama, Inc., . . . provided a mortgage to [Witherspoon] on or about November 13, 2003.
>
> . . .
>
> 11. Wilmington Finance, Inc., . . . provided a mortgage to [Witherspoon] on or about May 2, 2006.
>
> . . .
>
> 14. Regina Gratton Witherspoon inherited the concerned property in 2001 from her father.
>
> 15. Over the course of three years, from approximately January 2003 until September 2006, Mrs. Witherspoon has nine (9) different mortgages on her inherited property, with each mortgage increasing in size of the corresponding note and incurring additional closing costs.
>
> 16. The first mortgage was on or about January 7, 2003, to New Century Mortgage Corporation. . . .
>
> 17. The second mortgage was on or about July 10, 2003, to Home South Mortgage Services, Inc., for approximately $100,000. . . .
>
> 18. The third mortgage was on or about November 14, 2003, to American General Financial Services of Alabama, Inc., for $20,000. . . .
>
> 19. The fourth mortgage was on or about March 19, 2004, to Ameriquest Mortgage Corporation for $142,000. . . .

20.     The fifth mortgage was on or about April 15, 2004, to Homecomings Financial Services, Inc., for $145,000. . . .

21.     The sixth mortgage was on or about August 19, 2004, to Argent Mortgage Company, LLC, for $175,200. . . .

22.     The seventh mortgage was on or about March 8, 2006, to Argent Mortgage Company, LLC, for $203,250. . . .

23.     The eighth mortgage was on or about June 9, 2006, to Wilmington Finance, Inc., for $232,900. . . .

24.     The ninth mortgage was on or about September 18, 2006, as Resmae Mortgage Corporation made a loan to Mrs. Witherspoon for $248,400. . . .

25.     The loan made by Resmae Mortgage Corporation had all of the following characteristics:

    a)     The loan was a 100% refinance.

    b)     The home had substantial equity at the time of refinance of approximately $275,000, assessed in 2007 by the county tax authority at approximately $312,000.

    c)     Regina Gratton Witherspoon's credit score was less than 600.

    d)     The underlying loan which was being serviced by Sutton Funding, LLC was in default and a foreclosure sale had been conducted.

    e)     Resmae's loan provided for approximately $7,000 [to be] paid in settlement costs including fees to the lender Resmae Mortgage Corproation, prior to any default on the loan.

    f)     The loan application was a stated income, no documentation loan.

    g)     The interest rate on the loan was 9.160%.

      h)      The payment on the loan was in excess of $2,193 per month.

      I)      The combined income of Mrs. Witherspoon was no more than $1,200 ($300 per week) gross before deductions for taxes and business expenses and costs of living.

      j)      The loan was a 30-year mortgage.

      k)      The loan was made based on the value of the home and not the ability of Mrs. Witherspoon to repay the loan.

26. The only payments made by Mrs. Witherspoon on the loan was an initial payment or two made from the equity in the house received in the refinancing by Resmae.

27. The loan when made was unaffordable and predatory.

28. [Sutton] conducted a foreclosure sale. [Witherspoon] contend[s] that said sale was wrongful, illegal, in violation of law and the documents governing the relationship between [Witherspoon] and the owners of [her] mortgage.

    . . .

34. [Witherspoon] alleges that the actions of Atlas Mortgage as the originator of the loan, coupled with the actions of Resmae . . ., its agents and assigns like Sutton Funding, LLC, were a civil conspiracy to deprive [Witherspoon] of her property. Additionally, Resmae knew or should have known that Atlas Mortgage was engaged in a pattern and practice of predatory lending. Upon information and belief, Atlas Mortgage, Resmae, and Sutton Funding, LLC, were in a joint venture wherein Atlas Mortgage provided mortgage paper to Resmae for them to convert the paper into securities and the parties had agreements as to how these securities were used and assigned to entities such as Sutton Funding, LLC. Further, as a portion of the joint venture arrangement, the parties were engaged in a civil conspiracy to securitize predatory loans for the purpose of equity stripping and equity skimming and for the purpose of unjustly enriching the participants of the joint venture at the expense of the unsuspecting borrower.

> 35. [Witherspoon] allege[s] that Resmae had the right to choose and control the orginatory and servicer of the loan and by having such control are liable for the wrongful and tortuous conduct of the loan originator and servicer.
>
> . . .
>
> 79. [Witherspoon] alleges that the third party defendants [Atlas Mortgage, Inc., . . . American General Financial Services of Alabama, Inc., . . . Wilmington Finance, Inc., and Resmae Mortgage Corproation . . .] violated the FDCPA. Third party defendants' violations include, but are not limited to, engaging in any conduct the natural consequences of which is [are] to harass, oppress, or abuse any person in connection with the collection of a debt. Third party defendants have demanded an amount due from [Witherspoon] which is inaccurate and inflated, and in violation of any contract between the parties. The third party defendants have taken an action that cannot be legally taken. As such, third party defendants have violated Sections 1692c(a)(2), 1692d, 1692e(2), 1692f(1), 1692f(6) of the FDCPA.
>
> 80. as a result of the above violations of the FDCPA, the third party defendants are liable to [Witherspoon] for actual damages, statutory damages of $1,000.00, and upon proper evidentiary showing, punitive damages and attorney's fees and the costs of litigation.

(Doc. 1, Ex. B.)

American General and Wilmington filed this Petition to Compel Arbitration on April 4, 2009. Witherspoon moved to dismiss the Petition for lack of subject-matter jurisdiction, and American General and Wilmington have moved for a summary judgment compelling arbitration.

**C. DISCUSSION**

The Federal Arbitration Act [the "FAA"], specifically provides:

8

> A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court which, save for such agreement, would have jurisdiction under Title 28, in a civil action or in admiralty of the subject matter of a suit arising out of the controversy between the parties, for an order directing that such arbitration proceed in the manner provided for in such agreement.

9 U.S.C. § 4. "As for jurisdiction over controversies touching arbitration, however, the Act is something of an anomaly in the realm of federal legislation: It bestows no federal jurisdiction but rather requires for access to a federal forum an independent jurisdictional basis over the parties' dispute." *Vaden v. Discover Bank*, 129 S. Ct. 1262, 1271 (2009)(quoting *Hall Street Associates, L.L.C. v. Mattel, Inc.*, 128 S. Ct. 1396, 1402 (quoting *Moses H. Cone Memorial Hospital v. Mercury Constr. Corp.*, 460 U.S. 1, at 25 n.32 (1983)))(internal quotations omitted).

Witherspoon contends that American General and Wilmington cannot show that the amount in controversy exceeds $75,000, and there is no genuine federal claim at issue. (Doc. 6 ¶¶ 7-8.) In her Reply, she argues that her Third-party Complaint cannot supply the jurisdiction of plaintiffs' § 4 Petition. (*See generally* doc. 15.)

In *Vaden*, the Supreme Court noted:

Under the longstanding well-pleaded complaint rule, however, a suit arises under federal law only when the plaintiff's statement of his own cause of action shows that it is based upon federal law. Federal jurisdiction cannot be predicated on an actual or anticipated defense: It is not enough that the plaintiff alleges some anticipated defense to his cause of action and asserts that the defense is invalidated by some provision of federal law.

　　Nor can federal jurisdiction rest upon an actual or anticipated counterclaim. . . . [A] federal counterclaim, even when compulsory, does not

> establish "arising under" jurisdiction. . . . [I]t would undermine the clarity and simplicity of [the well-pleaded complaint] rule if federal courts were obliged to consider the contents not only of the complaint but also of responsive pleadings in determining whether a case "arises under" federal law.

*Vaden*, 129 S. Ct. at 1272. With regard to Section 4 petitions, the Court held, "A federal court may 'look through' a § 4 petition to determine whether it is predicated on an action that 'arises under' federal law; in keeping with the well-pleaded complaint rule . . ., however, a federal court may not entertain a § 4 petition based on the contents, actual or hypothetical, of a counterclaim." *Id*. at 1273. "The text of § 4 instructs federal courts to determine whether they would have jurisdiction over 'a suit arising out of ***the*** controversy between the parties'; it does not give § 4 petitioners license to recharacterize an existing controversy, or manufacture a new controversy, in an effort to obtain a federal court's aid in compelling arbitration." *Id*. at 1276 (emphasis in original).

Unlike *Vaden*, the controversy between the parties is set forth in an improperly joined third-party complaint. The facts of this case show that American General and Wilmington were made part of the state-court litigation between Sutton Funding and Witherspoon through Witherspoon's Amended Answer, Counterclaim and Third Party Complaint. (Doc. 1, Ex. B.) This so-called third-party complaint, however, states claims against the third-party defendants that are independent of the claims of Sutton Funding against Witherspoon.

Pursuant to Rule 14(a) of the Alabama Rules of Civil Procedure,

> At any time after commencement of the action a defending party, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action ***who is or may be liable to the third-party***

10

> *plaintiff for all or part of the plaintiff's claim against the third-party plaintiff*.

Ala. R. Civ. P. 14(a)(emphasis added); *see also* Fed. R. Civ. P. 14(a)(1).[1] "Rule 14(a) allows a defendant to assert a claim against any person not a party to the main action *only* if that third person's liability on that claim is in some way *dependent* upon the outcome of the main claim." *United States v. Olavarrieta*, 812 F.2d 640, 643 (11th Cir. 1987)(citing *Southeast Mortgage Company v. Mullins*, 514 F.2d 747, 749-50 (5th Cir. 1975); *United States v. Joe Grasso & Son, Inc.*, 380 F.2d 749, 751-52 (5th Cir. 1967))(emphasis added). "Rule 14(a) does *not* allow the defendant to assert a separate and independent claim even though the claim arises out of the same general set of facts as the main claim." *Id*. (emphasis added).

As is readily apparent from Sutton Funding's Complaint and Witherspoon's Amended Answer, Counterclaim, and Third-Party Complaint, Witherspoon's claims against American General and Wilmington have no relationship to her liability, if any, to Sutton Funding. Rather, her claims are separate and independent of Sutton Funding's claims against her. In other words, Witherspoon's success on her third-party claims against American General and Wilmington will not extinguish her liability to Sutton Funding and will not relieve her of any duty to vacate her home. Her claims against American General and Wilmington are not proper third-party claims and have been improperly joined in the state-court action filed by

---

[1] "A defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty *who is or may be liable to it for all or part of the claim against it*." Fed. R. Civ. P. 14(a)(1)(emphasis added).

11

Sutton Funding. Therefore, the court has not considered Sutton Funding's Complaint as defining the controversy between the parties.

The court finds that Witherspoon's Third-Party Complaint is the statement of the controversy between Witherspoon and American General and Wilmington for purposes of determining whether this court has subject-matter jurisdiction over the Petition to Compel Arbitration.

Witherspoon's Amended Answer, Counterclaim and Third Party Complaint alleges a cause of action against American General and Wilmington under the Fair Debt Collection Practices Act ["FDCPA"], pursuant to 15 U.S.C. §§ 1692c, 1692d, 1692e, and 1692f. (Doc. 1, Ex. B ¶ 79.) This court has "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Therefore, this court has federal-question subject-matter jurisdiction over the parties' dispute.

Nevertheless, Witherspoon argues that this court should ignore her FDCPA claim against American General and Wilmington because the inclusion of the FDCPA claim was a drafting error. She argues:

> Witherspoon certifies to the Court through the affidavit of Counsel attached to the motion and brief as exhibit A that this allegation was not aimed at the plaintiffs to this action because they took no part in the foreclosure process. Therefore, the basis of federal question relied upon by the Plaintiffs to this petition is without merit.
>
> To the extent that the plaintiffs would argue that merely listing their name inadvertently in an "inartful pleading" grants this Court subject matter jurisdiction, the defendant would argue that position must fail. The drafting error of Counsel clearly is insufficient to support Federal Jurisdiction. The

> burden of proving all jurisdictional facts is on the party asserting jurisdiction. The mere assertion in a pleading that jurisdiction is proper does not mean that it is so . . . . . . . [E]ven though counsel for Witherspoon made a drafting error or could be considered to have pled inartfully due to the time constraints being operated under, the burden of proving that subject matter jurisdiction exists does not shift from the party asserting that it is present, and errors in pleadings, even if considered to be a concession of jurisdiction are not sufficient to relieve the Court of a proper inquiry into its subject matter jurisdiction.

(Doc. 6, Att. 1 at 5-6.) Witherspoon's counsel has submitted an affidavit, which states that he intended this claim to be asserted only against Sutton Funding and not against any of the third-party defendants, and that he only intended to assert "claims directed at the origination of the loan which they made to [Witherspoon]." (*Id*., Att. 2 ¶ 7.) However, this assertion is not supported by the language of her Third-Party Complaint, which states:

> Third[-]party defendants' violations include, but are not limited to, engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the **collection of a debt**. Third[-]party defendants have demanded an amount due from third party plaintiffs which is inaccurate and inflated, and in violation of any contract between the parties. The third party defendants have taken an action that cannot be legally taken.

(Doc. 1, Ex. B ¶ 79.) These allegations have nothing to do with the "origination of the loan." Moreover, Witherspoon has taken no action to dismiss the FDCPA claim in the state-court action. Nothing in the record, except the affidavit of Witherspoon's attorney, indicates that she did not intend to assert a FDCPA claim against the third-party defendants.

"Under the doctrine of scrivener's error, the mistake of a scrivener in drafting a document may be reformed based upon parol evidence, provided the evidence is clear, precise, convincing and of the most satisfactory character that a mistake has occurred and

13

that the mistake does not reflect the intent of the parties." *International Union of Electronic, Elec., Salaried, Mach. and Furniture Workers, AFL-CIO v. Murata Erie North America, Inc.*, 980 F.2d 889, 907 (3d Cir. 1992)(internal quotations and citations omitted). The court finds Witherspoon's inclusion of the FDCPA claim in her Third-Party Complaint was not a scrivener's drafting error. *See Schillinger v. Union Pacific R. Co.*, 425 F.3d 330, 333 (7th Cir. 2005)(district court acted within its discretion determining clerical error in drafting amended complaint when facts demonstrated inclusion of dismissed defendant in amended complaint was unintentional); *see, e.g., Alim v. Gonzales*, 446 F.3d 1239, 1254 n.6 (11th Cir. 2006); *Abrams v. CIBA Specialty Chemicals Corp.*, Civil Action No. 08-0068-WS-B, 2008 WL 4183344, *4 (S.D. Ala. Sept. 10, 2008); *Taylor v. CSX Transp.*, 418 F. Supp. 2d 1284, 1313 n.21 (M.D. Ala. 2006).

As the FDCPA is clearly a law of the United States, this court has federal question jurisdiction. 28 U.S.C. § 1331; 15 U.S.C. §§ 1692c(a)(2), 1692d, 1692e(2), 1692f(1), 1692(f)(6); *see Clark v. AmSouth Mortg. Co., Inc.*, 474 F. Supp. 2d 1249, 1250-51 (M.D. Ala. 2007). Witherspoon's Motion to Dismiss will be denied.

Because the court is satisfied that it has federal-question jurisdiction based on Witherspoon's assertion of an FDCPA claim against American General and Wilmington, it pretermits discussion of whether the parties' controversy satisfies the jurisdictional amount.

## II. MOTION FOR SUMMARY JUDGMENT

Defendant did not file any opposition to plaintiffs' Motion for Summary Judgment. Plaintiffs have presented valid arbitration agreement in which defendant agrees to arbitrate any claims against plaintiffs. (*See* doc. 1 ¶¶ 4-5, 11-12 and Ex. C at 7-8, 10.) Defendant has not rebutted this showing. Therefore, plaintiffs' Motion for Summary Judgment will be granted.

Under Fed. R. Civ. P. 56©, summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The movant can meet this burden by presenting evidence showing that there is no dispute of material fact, or by showing that the nonmoving party cannot present evidence in support of some element of his case on which he bears the ultimate burden of proof. *Celotex,* 477 U.S. at 322-23; *see* Fed. R. Civ. P. 56(a) and (b). Rule 56(e)(2) provides:

> When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must – by affidavits or as otherwise provided in this rule – set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party.

Fed. R. Civ. P. 56(e)(2). Thus, although a court may not grant a motion for summary judgment simply because the motion goes unopposed, it may do so if the moving party has shown that there are no disputed issues of material fact and that it is entitled to judgment as a matter of law.

Applying these standards to this case, the court concludes that American General and Wilmington, the moving parties, have demonstrated that there is no genuine issue as to any material fact and that they are entitled to a judgment as a matter of law. Witherspoon has not come forward with *any* evidence in response to this showing. Thus, she has failed to meet her burden "to go beyond the pleadings and . . . designate 'specific facts showing that there is a genuine issue for trial,'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986), and the record demonstrates that summary judgment in favor of American General and Wilmington is warranted.

Therefore, the court will grant the Motion for Summary Judgment, (doc. 11), filed by American General and Wilmington and issue an Order compelling arbitration.

## **CONCLUSION**

For the foregoing reasons, the court is of the opinion that there are no material facts in dispute and plaintiffs are entitled to judgment as a matter of law. An Order denying defendant's Motion to Dismiss and granting plaintiffs' Motion for Summary Judgment will be entered contemporaneously with this Memorandum Opinion.

**DONE**, this 22nd day of March, 2010.

*Sharon Lovelace Blackburn*
SHARON LOVELACE BLACKBURN
CHIEF UNITED STATES DISTRICT JUDGE